**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| GOJO Industries, Inc. | ) | |
| One GOJO Plaza, Suite 500 | ) | Civil Action No. |
| Akron, Ohio 44311 | ) | |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | |
| | ) | |
| Buckeye International, Inc. | ) | |
| 2700 Wagner Place | ) | |
| Maryland Heights, Missouri 63043 | ) | |
| | ) | |
| Defendant. | | |

**COMPLAINT**

Now comes Plaintiff, GOJO Industries, Inc. ("GOJO"), and complains against Buckeye International, Inc. ("Buckeye"), alleging as follows:

**PARTIES**

1. GOJO is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business at One GOJO Plaza, Suite 500, Akron, Ohio 44311.

2. Buckeye, upon information and belief, is a corporation organized and existing under the laws of the State of Missouri, having a principal place of business at 2700 Wagner Place, Maryland Heights, Missouri 63043.

**JURISDICATION AND VENUE**

3. This action arises under the patent laws of the United States, specifically the Patent Act of 1952, 35 U.S.C. §1 et seq. Subject matter jurisdiction is founded under 28 U.S.C. §1338(a) and 35 U.S.C. §281.

4. This Court has personal jurisdiction over Buckeye because Buckeye has transacted business within this District and has caused tortuous injury by an act within this District through its infringement of U.S. Patent 6,877,642, as alleged hereafter, which has injured GOJO in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §1400(b) because Buckeye has committed acts of infringement and has a regular and established place of business in this District. In addition, venue is proper in this District pursuant to 28 U.S.C. §1400(b) because Buckeye resides within the Northern District of Ohio as residence is defined in 28 U.S.C. §1391(c). Particularly, Buckeye has a regular and established place of business in this District at 4587 Hinckley Industrial Parkway, Cleveland, Ohio 44109.

## FACTS

6. U.S. Patent 6,877,642 entitled "Wall-Mounted Dispenser for Liquids" ("the '642 patent"), issued on April 12, 2005, to Joseph S. Kanfer, who has licensed said patent to GOJO exclusively with rights of enforcement. A copy of the '642 patent is attached hereto as Exhibit A.

7. Buckeye has made, used, sold, offered to sell, or imported wall-mounted dispensers for liquids that are covered by one or more claims of the '642 patent ("Accused Products"). Such accused products include a dispenser sold under the name Symmetry™. Upon information and belief, Buckeye has further induced others to make, use, sell or offer to sell accused products within this District and elsewhere.

8. Upon information and belief, Buckeye had actual notice of the existence of the '642 patent at the time of engaging infringing activity. Upon information and belief, Buckeye's infringement of the '642 patent has been willful.

9. Buckeye has infringed the '642 patent in violation of 35 U.S.C. §§271(a) and 271(c) by making, using, selling, offering to sell, and/or importing accused products and/or material components thereof within the United States that embody the features and improvements claimed by the '642 patent. In addition, Buckeye has induced others to infringe the '642 patent in violation of 35 U.S.C. §271(b).

10. Buckeye's conduct, as alleged above, has been willful, intentional, and in conscious disregard of GOJO's rights.

## PRAYER FOR RELIEF

Wherefore, GOJO prays for judgment against Buckeye as follows:

(a) that Buckeye be judged to have infringed the '642 patent;

(b) that GOJO be awarded compensatory damages in an amount adequate to compensate it for its damage and injury, but in no event less than a reasonable royalty;

(c) that in view of Buckeye's deliberate and intentional acts the case be declared exceptional pursuant to 35 U.S.C. §285 and Plaintiffs be awarded treble damages pursuant to 35 U.S.C. §284;

(d) that Buckeye be permanently enjoined from infringing the '642 patent;

(e) that GOJO have and recover the costs of this action, including reasonable attorney fees and interests to the maximum extent permissible, including prejudgment interests; and

(f) that GOJO be awarded such other and further relief as the Court may deem just and equitable.

**JURY DEMAND**

A trial by jury of the maximum number of jurors allowed by law is hereby demanded.

                         GOJO INDUSTRIES, INC.

                         By:  /s:/Ray L. Weber
                         Ray L. Weber          (0006497)
                         Laura J. Gentilcore    (0034702)
                         Mark L.Weber         (0072078)
                         Renner, Kenner, Greive, Bobak, Taylor & Weber
                         400 First National Tower
                         Akron, Ohio 44308
                         Telephone:  (330) 376-1242
                         Facsimile: (330) 376-9646

                         Attorneys for Plaintiff