DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GOJO INDUSTRIES, INC., | CASE NO. 5:09-CV-2612 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| BUCKEYE INTERNATIONAL, INC., | |
| Defendant. | |

Before the Court is Defendant Buckeye International, Inc.'s ("Buckeye") motion for summary judgment. ECF No. 52. Buckeye seeks summary judgment on GOJO Industries, Inc.'s ("GOJO") claim of infringement of U.S. Patent No. 6,877,642 ("the '642 patent"). GOJO has filed an opposition to Buckeye's motion. ECF No. 54. Buckeye has filed a reply in support. ECF No. 55.

For the following reasons, Buckeye's motion for summary judgment is GRANTED.

## I. Factual and Procedural History

GOJO filed its Complaint (ECF No. 1) against Defendant Buckeye on November 6, 2009, alleging, *inter alia*, that Buckeye's wall-mounted liquid dispenser infringes upon one or more of the claims in one of GOJO's patents, specifically the '642 patent. In opposition, Buckeye argues it is not an infringer and that the '642 patent is invalid. ECF No. 7.

Prior to determining the validity of either parties accusations, the Court first had to determine "what the words in the claim mean." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 374 (1996). Accordingly, the Court conducted a *Markman* hearing on October 25,

(5:09-CV-2612)

2011. At the conclusion of the *Markman* hearing, the Court directed the parties to submit post-hearing briefs regarding the disputed claim terms. ECF No. 31. The parties complied and the Court issued its Claims Construction Order on March 28, 2011. ECF No. 36. On April 14, 2011, GOJO filed its motion for reconsideration of the Court's Claims Construction Order. ECF No. 38. GOJO asked the Court to reconsider its construction of two of the claim terms defined in its Claims Construction Order, specifically the terms "pressure means" and "hingedly attached to said back plate." After the parties fully briefed their respective positions concerning the motion for reconsideration, the Court denied GOJO's motion on June 2, 2011. ECF No. 47.

Pursuant to the discussion during the June 7, 2011 status conference, the parties filed on June 30, 2011, a joint proposed stipulation dismissing without prejudice Counts II and III of GOJO's first amended complaint. ECF No. 50. The Court approved the joint proposed stipulation and dismissed Counts II and III of the first amended complaint without prejudice on July 1, 2011. ECF No. 51. Thus, Count I, patent infringement, is the only remaining count before the Court.

Buckeye moved the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) on Count I given the Court's construction of the aforementioned claim terms that Buckeye argues precludes GOJO from prevailing on its infringement claim. ECF No. 52. GOJO has filed an opposition to which Buckeye has replied in support. ECF Nos. 54 & 55, respectively. The motion is fully briefed and the Court rules as follows.

(5:09-CV-2612)

## II. Standard of Law

"Infringement, whether literal or under the doctrine of equivalents, is a question of fact." *Cook Biotech Inc. v. Acell, Inc.*, 460 F.3d 1365, 1373 (Fed.Cir.2006). "In the summary judgment setting, the proper inquiry is whether or not, drawing all justifiable inferences in favor of the non-moving party, the evidence is such that a reasonable jury could return a verdict for the non-movant." *Ortho-McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*, 476 F.3d 1321, 1326 (Fed.Cir.2007) (citing *Cook Biotech Inc.*, 460 F.3d at 1373).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250. Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52;

(5:09-CV-2612)

*see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

### III. Analysis

"Determining infringement generally requires two steps. 'First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process.'" *Cook Biotech Inc.*, 460 F.3d at 1372 (quoting *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed.Cir.1993)).

"To prove literal infringement, [GOJO] must show that each limitation in the asserted claim [can] be found present in the accused device or process. Conversely, there is no infringement if the accused device or process is missing one of the elements in the asserted claim." *Flexsys Am. LP v. Kumho Tire U.S.A., Inc.*, 726 F.Supp2d 778, 793 (N.D. Ohio 2010) (internal quotation marks and citations omitted).

"Infringement under the doctrine of equivalents may be found when the accused device contains an insubstantial change from the claimed invention. Whether equivalency exists may be determined based on the insubstantial differences test or based on the triple identity test, namely, whether the element of the accused device performs substantially the same function in substantially the same way to obtain the same result. The essential inquiry is whether the accused product or process contain elements identical or equivalent to each claimed element of the patented invention[.] In other words, the all elements rule is applicable to infringement under the doctrine of equivalents just as it is to literal infringement." *TIP Sys., LLC v. Phillips &*

-4-

(5:09-CV-2612)

*Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1376-77 (Fed.Cir. 2008) (internal quotation marks and citations omitted).

Based upon the Court's Claim Construction Order, "GOJO acknowledges that the 'Symmetry' dispenser does not infringe the asserted claims of the '642 patent." ECF No. 54 at 2. GOJO states specifically, "because the Court has construed a <u>method</u> of attachment ("hingedly attached") to require a <u>specific structure</u> ("connected by a fixed integral crossbar located on the bottom edge of the cover and spaced-member of the bottom edge of the back plate that snap over the crossbar to interconnect the back plate and cover"), the "Symmetry" dispenser does not infringe claim 1 or those dependent therefrom." ECF No. 54 at 3 (emphasis in original).

Given GOJO's concession of Buckeye's non-infringement of the '642 patent as it relates to the claim term "hingedly attached to said back plate," the Court finds that Buckeye's "Symmetry" wall-mounted liquid dispenser does not infringe GOJO's '642 patent. Additionally and for the purpose of this memorandum opinion only, the Court declines to express an opinion about whether Buckeye's wall-mounted liquid dispenser infringes GOJO's '642 patent with respect to the claim term "pressure means."

### IV. <u>Conclusion</u>

For the above mentioned reasons, Buckeye's motion for summary judgment (ECF No. 52) is hereby GRANTED.

IT IS SO ORDERED.

| August 4, 2011 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |